878

WILLIAMS, CLARKE CO. and Van
Camp Sea Food Co.

v.

UNITED STATES.

C.D. 3863; Protest Nos. 66/74024–90533.

United States Customs Court,
Third Division.

June 27, 1969.

Glad & Tuttle, Los Angeles, Cal.
(Robert Glenn White, Los Angeles, Cal.,
of counsel), for plaintiff.

William D. Ruckelshaus, Asst. Atty.
Gen. (Bernard J. Babb, New York City,
trial attorney), for defendant.

Before RICHARDSON and LANDIS,
Judges.

RICHARDSON, Judge:

The merchandise of this protest consists of canned tuna which was exported from Ecuador and entered for consumption at Los Angeles on July 10, 1965, under item 112.30 of the Tariff Schedules of the United States as tuna (other than albacore) in containers weighing with their contents not over 15 pounds each, in quota, assessed for duty at the rate of 12.5 per centum ad valorem, and classified in liquidation on September 7, 1965 as entered. The instant case is concerned not with the classification or rate of duty, but with the amount of duties assessed against the involved entry and arising from a protest filed July 5, 1966, which reads in relevant part as follows:

We claim the application of Item 807.00, TSUS, as modified by T.S.T. A.A. of 1965, Pub.L. 89–241, the merchandise to be dutiable on the full value of the imported article less the cost or value of such products of the U.S., and we also protest the rejection of our timely request for reliquidation or liquidation made pursuant to Sections 85, 3 and 2 of Pub.L. 89–241, under Item 807.00 as modified.

Item 807.00 of the tariff schedules as amended by Public Law 89–241, 79 Stat. 933, provides for the assessment of duty upon the full value of the imported article less the cost or value of the products of the United States, as to—

Articles assembled abroad in whole or in part of fabricated components, the product of the United States, which (a) were exported, in condition ready for assembly without further fabrication, for the purpose of such assembly and return to the United States, (b) have not lost their physical identity in such articles by change in form, shape, or otherwise, and (c) have not been advanced in value or improved in

condition abroad except by being assembled and except by operations incidental to the assembly process such as cleaning, lubricating, and painting.

Item 807.00 as amended by Public Law 89–241 was made effective as to articles entered or withdrawn from warehouse for consumption after the 60th day after the date of enactment of Public Law 89–241, and also upon request therefor filed with the collector on or before the 120th day after the date of enactment of said law, with respect to entries made after August 31, 1963, and before the 61st day after the date of enactment of said law, provided the duties assessed under such entries would be *smaller* by reason of Public Law 89–241.

Although the involved entry was made prior to the enactment of Public Law 89–241, the record shows that plaintiff made a request of the collector within 120 days of its enactment to apply its provisions to the entry at bar. And it is the denial of such request by the collector which gives rise to the filing of the protest above noted. Item 807.00 in effect prior to Public Law 89–241 and at the time of entry and liquidation herein provided the same duty exemption but read as follows:

> Articles assembled abroad in whole or in part of products of the United States which were exported for such purpose and which have not been advanced in value or improved in condition abroad by any means other than by the act of assembly.

The instant case is before us on the theory that the amendment of item 807.00 by Public Law 89–241 gave plaintiff a right with resultant duty exemption which it did not possess prior thereto. And the case was tried under this theory and submitted subject to a ruling by the division on a jurisdictional question raised at the outset by the defendant.

The jurisdictional question arises from a motion made at the trial by defendant's counsel for a dismissal of the instant protest for untimeliness, owing to the fact that the protest was filed more than 60 days after liquidation of the involved entry. In the light of defendant's motion the primary question before us is whether plaintiff could have filed the instant protest claim for partial duty exemption pursuant to item 807.00 as originally enacted and in effect prior to the enactment of Public Law 89–241. If the answer to this question is determined in the affirmative the instant protest must be dismissed because of its untimely (late) filing.

Viewing this threshold jurisdictional question in the light of the facts sought to be developed at the trial, we find that the ultimate facts undertaken to be proved by plaintiff under the protest claim are that the cans in which the tuna was packed were manufactured in the United States in sections consisting of two ends (top and bottom) and a body, that the body was flattened and the sections then exported to the United States as canned tuna, and that the processes to which the can sections were subjected in Ecuador, namely, rounding of the body, flaring of the body ends and the joining and sealing of the ends to the body, were *assembly* processes. Assuming that this is all that item 807.00 requires and giving full credence to *the facts as plaintiff sees them* and to all inferences it seeks to draw therefrom, we are unable to see how plaintiff was deterred from prosecuting such a claim under item 807.00 as that statute read before its amendment by Public Law 89–241.

We are, of course, mindful of plaintiff's contention that item 807.00 as originally enacted was broadened by enactment of Public Law 89–241. But as we read the legislative history of the statute to which our attention is called in plaintiff's brief this *broadening* only seems to have taken the form of increasing the scope of activities to which American made products might be subjected abroad without forfeiture of the duty exemptions accorded by the statute —activities incidental to the act of assembly such as cleaning, lubricating, and painting. However, aside from the issue

of whether tuna and the sealed parts of a tin can into which it is placed constitutes assembled articles, with respect to the type of American products to which the duty exemptions under the statute apply, the language of Public Law 89–241 is more restrictive than the language it replaced. With the advent of Public Law 89–241, item 807.00 went from applying the exemptions to "products of the United States" to applying the exemptions to "fabricated components, the product of the United States," the latter category being obviously narrower in scope. Moreover, counsel for the plaintiff concedes that item 807.00 as originally enacted is broader in scope than its predecessor statute, paragraph 1615(a) of the 1930 Tariff Act. And it is to be noted that although paragraph 1615(a) did not involve the concept of *assembled articles* as do all versions of item 807.00 herein referred to, the predecessor statute was considered broad enough to permit of litigation on essentially the same factual issues which confront us here. See Seideman Products Co. v. United States, 37 CCPA 83, C.A. D. 423 (1950), wherein the factual issues were resolved against the importer on the evidence.

Under the circumstances revealed in this record we are of the opinion that plaintiff stood just as good if not a better chance of prosecuting its protest claim under item 807.00 as originally enacted, as under the statute as amended by Public Law 89–241 and the amount of duty under the latter would not be *smaller* than the amount that would have been imposed under the former, assuming plaintiff had proceeded timely under the original item 807.00 and the merchandise could be properly classified under item 807.00. (See P.L. 89–241, Section 2(b) (2).) We, therefore, agree with the contention advanced by defendant that as to item 807.00 "No new right or claim was brought about by the passage of the Technical Amendments Act, that was not existent prior thereto." (Defendant's brief, page 12). We conclude, consequently, that plaintiff's failure to file its protest under item 807.00 of the tariff schedules as originally enacted within 60 days of liquidation of the involved entry deprives this court of jurisdiction to entertain the protest claim for relief under the more restrictive provisions of item 807.00 of the tariff schedules as amended by Public Law 89–241.

By reason of our conclusion herein we do not reach the merits of the controversy, and the instant protest must be dismissed for untimeliness.

Judgment will be entered accordingly.

LANDIS, J., concurring.